| **Matter of SA Candy Corp. v City of New York** |
|:---:|
| 2025 NY Slip Op 30108(U) |
| January 9, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157801/2024 |
| Judge: Verna L. Saunders |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. VERNA L. SAUNDERS, JSC</u>     PART       **36**

                                *Justice*

-----------------------------------------------------------------------X

In The Matter of The Application of              INDEX NO.     <u>157801/2024</u>
SA CANDY CORP.,

                          Petitioner,                     MOTION SEQ. NO.     001

For a judgment pursuant to Article 78
of the Civil Practice Law and Rules,

                    - v -

CITY OF NEW YORK, PRESTON NIBLACK, COMMISIONER     **DECISION + ORDER ON**
NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK             **MOTION**
CITY SHERIFF ANTHONY MIRANDA, ASIM REHMAN,
COMMISIONER NEW YORK CITY OF ADMINISTRATIVE
TRIALS AND HEARINGS,

                        Respondents.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37

were read on this motion to/for                <u>**ARTICLE 78**</u>      .

      Petitioner, SA Candy, a convenience store located at 1633 Lexington Avenue, New York, NY (hereinafter, "premises"), moves the court, pursuant to Article 78, for a Temporary Restraining Order (hereinafter, "TRO")[1] and a preliminary injunction, enjoining the New York City Sheriff's Department (hereinafter, "Sheriff's Office") from enforcing a previously issued order sealing the premises and allowing the business to re-open until a decision is reached on the instant Article 78 petition. Petitioner also seeks an order vacating a decision by the hearing officer of the Office of Administrative Trials and Hearings (hereinafter, "OATH"), and annulling a final sealing order issued by the Sheriff's Office that closed SA Candy for one (1) year. Petitioner asserts that an officer from the Sheriff's Office issued a summons after inspecting the premises on July 23, 2024, and without basis, concluded that cannabis products were allegedly being sold therein without a valid retail cannabis license.

      Respondents filed an answer in this proceeding (NYSCEF Doc. No. 17, *answer*).

      Pursuant to Administrative Code §7-551(c), a telephonic hearing was held on the summons before an OATH hearing officer on July 30, 2024. At the hearing, petitioner argued, principally, that service of the summons was improperly served on SA Candy's employee, Nasser Nagi (hereinafter, "Nagi"), who was not authorized to receive service on behalf of the business and that the service of the sealing order was defective. The OATH hearing officer determined that the service of the summons was proper because the officer affirmed in the

---

[1] The court declined to sign the TRO portion of the OSC after parties appeared for oral argument in the instant proceeding.

**157801/2024 IN THE MATTER OF THE APPLICATION OF SA CANDY CORP., vs. CITY OF NEW YORK ET AL**
**Motion No. 001**

Page 1 of 5

1 of 5

certificate of service that Nagi stated he was authorized to accept service of the summons on behalf of petitioner, and thus, that the summons was properly served through personal service under CPLR 311(a). The hearing officer also held that service of the sealing order was proper insofar as it complied with Cannabis Law § 138-(b)(2) (NYSCEF Doc. No. 6, *OATH decision*).

SA Candy then commenced the instant proceeding, contending that the OATH hearing officer's final determination was an abuse of discretion and arbitrary and capricious because the findings were not supported by the substantial evidence presented. It argues that the service of the sealing order was defective because the certificate of service of the summons indicated that the document was served upon Nagi, an employee of petitioner who was not authorized to receive service on behalf of petitioner. According to SA Candy, the sheriff who served the summons should have checked the box on the certificate of service indicating that the employee served was a person of suitable age and discretion, instead of checking the box indicating that the person served was one authorized to receive service. Petitioner further argues that service of the sealing order was defective because the affirmations of mailing were not sworn or affirmed under the penalties of perjury, as required under CPLR 2106, and that a copy of the sealing order was not mailed to the landlord of petitioner's business as prescribed by Cannabis Law § 138-(b)(10).

SA Candy further set forth that based upon the photos and other evidence presented at the OATH hearing, there was insufficient evidence to support a finding that petitioner sold cannabis, as charged in Administrative Code of City of NY § 7-551[a]. Petitioner also asserts that even if SA Candy sold cannabis without a valid license, the sealing order should have been rescinded because the alleged unlicensed cannabis was a *de minimis* amount, pursuant to Cannabis Law §138-b(6), in comparison to the several other items being sold at the premises. The hearing officer's decision was arbitrary and capricious, and an abuse of discretion, argues petitioner, because the burden of proof was shifted to petitioner, in violation of Cannabis Law §138-b(6), requiring SA Candy to produce statutes and case law regarding the *de minimis* standard to support its argument. SA Candy contends that the OATH hearing officer, without basis, erroneously discredited Nagi's testimony proffered at the OATH hearing, impugning Nagi's demeanor during the hearing. This is so, argues petitioner, because Nagi's demeanor could not be determined on an audio telephone conference, and as such, discrediting the testimony based on demeanor was an abuse of discretion.

Next, petitioner asserts that it will suffer irreparable injury if the sealing order is not lifted immediately because its customers will shop at nearby convenience stores if the business is closed. According to SA Candy, it would be difficult to regain the customers if the business is not reopened immediately (NYSCEF Doc. No. 1, *petition*).

Respondents oppose the petition, including the request for a preliminary injunction, arguing that petitioner cannot succeed on the merits, has not alleged irreparable harm, and that the balance of the equities weighs in favor of the public interest. They assert there is substantial evidence in the administrative record to support a finding that the petitioner was selling cannabis without a valid license and thus, the hearing officer's final determination was rational and reasonable.

Respondents argue that pursuant to CPLR 7804(g), the court should issue an order directing that the petition be transferred to the Appellate Division, First Department for disposition because substantial evidence was adduced during the OATH hearing. Next, they assert that petitioner's claim that the OATH hearing officer impermissibly shifted the burden of proof to petitioner to establish that its cannabis activity was a *de minimis* part of its business mischaracterizes the law. According to respondents, the Administrative Code of the City of New York § 6-12(a) provides that a petitioner in an OATH proceeding must prove the factual allegations contained in the summons by a preponderance of the evidence, and the respondent has the burden of proving an affirmative defense, if any, by a preponderance of the evidence. As such, the OATH hearing officer found, argue respondents, that respondents established that the large quantity of cannabis products sold within the store did not constitute a *de minimis* part of the business. They articulate that the photographs taken during the search of the business show scales with vegetative residue and an unsealed jar of individual pre-rolls, alongside cannabis-related paraphernalia, support the conclusion that large quantities of cannabis products were being sold therein. Respondents articulate that the sale and processing of cannabis at petitioner's business poses an imminent threat to public welfare pursuant to Cannabis Law § 138-b(4)(b) and therefore, it was rational and reasonable for the Sheriff's Office to direct that the sealing order remain in place.

Next, respondents argue that Nagi was authorized to receive service of the summons and sealing order. The affirmations of service, they argue, are proof that proper service was effectuated, and contrary to petitioner's position, the Cannabis Law and the Administrative Code do not require the Sheriff's Office to send a copy of the sealing order to the real estate owner, as mailing to the property owner is merely a provision to notify the building owner that the tenant has been issued a sealing order. Lastly, respondents assert that claims of defect of the unsworn affirmations of service should be rejected because the CPLR does not apply in administrative proceedings (NYSCEF Doc. No. 18, *memo of law in opposition*).

Substantial evidence is a minimal standard, demanding only that a given inference is reasonable and plausible, not necessarily the most probable, and "[w]here substantial evidence exists, the reviewing court may not substitute its judgment for that of the agency, even if the court would have decided the matter differently" (*Matter of Haug v State Univ. of N.Y. at Potsdam*, 32 NY3d 1044, 1045-1046 [2018]). The standard of review in this Article 78 proceeding is whether the respondents' determination "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]). A special proceeding commenced pursuant to Article 78 to challenge an administrative agency's final determination, such as this one, must be made within four months after the determination becomes final (see CPLR 217[1]). Whether an administrative decision is arbitrary or capricious depends on whether the determination "'is without sound basis in reason and is generally taken without regard to the facts'" (*Matter of Galaxy Bar & Grill Corp. v New York State Liq. Auth.*, 154 AD3d 476, 482 [1st 2017], citing *Pell v Board of Education*, 34 NY2d 222, 231 [1974]). A rational or reasonable basis for an administrative agency determination exists if there is evidence in the record to support its conclusion (see *Sewell v New York*, 182 AD2d 469, 473 [1st Dept. 1992]). As such, "[i]f the determination is rational, it must be upheld, even though the court, if viewing the case in the first instance, might have reached a different conclusion" (*Sullivan County Harness Racing Ass'n v*

*Glasser*, 30 NY2d 269, 278 [1972]). A petition raising an issue of substantial evidence shall be transferred to the Appellate Division (see *Matter of Bellet Constr. Co., Inc. v LaRocca*, 213 AD3d 599, 599 [1st Dept 2023]).

Here, contrary to petitioner's contentions, the service of the summons and the sealing order were proper. The OATH hearing officer discussed Nagi's credibility issues, discredited the testimony and deemed the summons properly served upon petitioner. Regarding the issue of credibility, "[i]t is basic that the decision by the Administrative Hearing Officer to credit the testimony of a given witness is largely unreviewable by the courts, who are disadvantaged in such matters because their review is confined to a lifeless record" (*Berenhaus v Ward*, 70 NY2d 436, 443 [1987]). A reviewing court must accord deference to the administrative fact finder's assessment of the evidence and the credibility of the witnesses (see *Lindemann v. American Horse Show Assn.*, 222 AD2d 248, 250 [1st Dept 1995]), because a hearing officer observes all the nuances of speech and manner that combine to form an impression of either candor or deception (see *Lackow v Department of Educ. (or "Board") of the City of New York*, 51 AD3d 563, 568 [1st Dept 2008]). Next, the sealing order was properly served in compliance with Cannabis Law § 138-b(2), as the Sheriff's affirmations of service states that the sealing order was served to Nagi, a person of suitable and discretion in actual or apparent control of the premises at the time of the inspection, and was posted at the front of the premises.

Considering now the issue of substantial evidence considered at the OATH hearing, the petition is respectfully transferred to the Appellate Division, First Department, for disposition pursuant to CPLR 7804(g). It has been held that where, as here, a petition filed in the Supreme Court seeks relief pursuant to CPLR Article 78 and raises an issue of whether an administrative determination is supported by substantial evidence, the proceeding should be transferred from the Supreme Court to the Appellate Division (see *Matter of 475 Kent Owner, LLC v New York City Loft Bd.*, 206 AD3d 401, 401 [1st Dept 2022]; *Matter of Crawford v Brezenhoff*, 187 AD3d 598, 598 [1st Dept 2020]). The instant proceeding challenges the hearing officer's final determination upholding the summons, and the Sheriff's Office final determination upholding the sealing order, both of which were made following administrative hearings at which substantial evidence was taken, pursuant to direction by law. Since there were no objections in point of law asserted by the respondents that would dispose of the proceeding within the meaning of CPLR 7804(g) prior to transfer, the matter must be transferred to the Appellate Division. Accordingly, it is hereby

**ORDERED** that the OATH determinations are, pursuant to CPLR 7804(g), respectfully transferred to the Appellate Division, First Department for disposition as they involve issues as to whether determinations made as a result of hearing held were supported by substantial evidence; and it is further

**ORDERED** that the petitioner shall serve a copy of this order with notice of entry upon the County Clerk, who is directed to transfer the case file to the Appellate Division, First Department; and it is further

**ORDERED** that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for*

157801/2024  IN THE MATTER OF THE APPLICATION OF SA CANDY CORP., vs. CITY OF NEW YORK ET AL
Motion No. 001

Page 4 of 5

*Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision and order of this court.

__January 9, 2025__

HON. VERNA L. SAUNDERS, JSC

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157801/2024   IN THE MATTER OF THE APPLICATION OF SA CANDY CORP., vs. CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 5 of 5**